IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**GINA M. STANLEY,**

    **Plaintiff,**

    v.                                        Civil Action No. __3:17-cv-03464__

**PUBLIC DEFENDER CORPORATION
FOR THE 6TH AND 24TH JUDICIAL
CIRCUITS OF WEST VIRGINIA
and ROBERT E. WILKINSON,**

    **Defendants.**

## COMPLAINT

**NOW COMES** Plaintiff Gina M. Stanley, by counsel, and files this Complaint against the Public Defender Corporation for the 6th and 24th Judicial Circuits of West Virginia, and Robert E. Wilkinson, making claims for unlawful discrimination on the basis of "sex" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the West Virginia Human Rights Act, W. Va. Code, § 5-11-1 et seq., stating as follows:

## PARTIES

1. Plaintiff is a resident of Cabell County, West Virginia.

2. Defendant Public Defender Corporation for the 6th and 24th Judicial Circuits of West Virginia ("PDC") is a non-profit corporation created under the West Virginia Code, Section 29-21-8. Defendant PDC provides legal representation to indigent clients in eligible proceedings in the 6th and 24th Judicial Circuits of West Virginia, encompassing Cabell and Wayne Counties, pursuant to Chapter 29, Article 21 of the West Virginia Code.

3. Defendant Robert E. Wilkinson ("Wilkinson"), during the relevant time period, has been the "Chief Public Defender" of Defendant PDC, has had administrative responsibility for the operation of Defendant PDC, was Plaintiff's supervisor, and was a key decisionmaker in all employment decisions regarding Plaintiff.

## JURISDICTION AND VENUE

4. Plaintiff asserts claims herein for unlawful discrimination on the basis of "sex" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the West Virginia Human Rights Act, W. Va. Code, § 5-11-1 et seq. ("WVHRA").

5. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. §1331 because these claims arise under the laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's claim under the WVHRA pursuant to 28 U.S.C. § 1367.

7. At all relevant times, Plaintiff was an employee of Defendants performing work in Cabell and Wayne Counties, West Virginia.

8. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and all, or a substantial part, of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

9. Plaintiff began employment with Defendants in or about June 2005 as a Staff Attorney.

10. When Plaintiff began her employment with Defendants, she presented as a male.

11. From the commencement of her employment by Defendants until approximately October 2007, Plaintiff was considered an outstanding Staff Attorney. During this period Plaintiff spent all of her time on trial work, and was considered a "go-to guy" by other Staff Attorneys who sought advice from Plaintiff.

12. Indeed, as of September 27, 2007, Plaintiff was one of only two Staff Attorneys given assignments in both Cabell and Wayne County Circuit Courts and identified by Defendants as "working as advisors on trials."

13. During the period from the commencement of her employment by Defendants until approximately October 2007, Plaintiff's performance appraisals reflected the high regard in which she was held by Defendants. On her performance appraisals for the periods from July 1, 2005 through April 30, 2006, and from May 1, 2006 through April 30, 2007, Plaintiff received ratings of "4" or "5" out of a possible rating of "5" in 23 of 24 categories on the performance appraisals. A rating of "4" meant Plaintiff "exceeds requirement" and a rating of "5" meant Plaintiff "substantially exceeds requirement."

14. On or about October 28, 2007, Plaintiff informed Defendants that she was transitioning from male to female.

15. Defendants discharged Plaintiff from employment the day after she informed them of her intention to transition from male to female.

16. Defendants unlawfully discharged Plaintiff because she did not conform to gender stereotypes.

17. Upon her discharge, Plaintiff requested a hearing before the Board of Directors for Defendant PDC to appeal her discharge. The Board of Directors held the hearing regarding Plaintiff's discharge on or about November 7, 2007.

18. After the hearing, the Board of Directors ordered that Plaintiff be reinstated; however, Plaintiff was transferred from Defendant PDC's Cabell County office to Defendant PDC's Wayne County office to practice in the Circuit Court in Wayne County.

19. When Plaintiff was transferred to Wayne County, she met with a Judge of the 24th Judicial Circuit. The Judge insisted that Plaintiff dress as a man and continue to practice law under her former name, George Stolze, even though Plaintiff was in the process of transitioning to a female and Plaintiff desired to present as a female. The Judge also sought Plaintiff's assurance that if Plaintiff chose to practice law as a female, Plaintiff would resign as a public defender and open a private practice.

20. Plaintiff took a leave of absence and underwent genital reconstruction surgery in November 2008.

21. Plaintiff informed Defendants that she intended to return to work in early December 2008.

22. Plaintiff's imminent return to work prompted a letter from the Judge with whom Plaintiff had met, to Defendant Wilkinson, dated November 26, 2008. In the letter, the Judge requested that Plaintiff not be permitted "to practice in our Courts until such time as [the Judge has] had the opportunity to investigate, research and otherwise deal with this matter administratively."

23. Plaintiff began presenting as a female on or about December 11, 2008.

24. Upon returning to work, Plaintiff was ordered not to appear or practice in court until she met with the Judge on or about December 15, 2008.

25. On or about December 15, 2008, Plaintiff met with the previously identified Judge, another Judge of the of the 24th Judicial Circuit, Defendant Wilkinson, and Plaintiff's

immediate supervisor. Plaintiff was not allowed to speak at this meeting. Only the Judge with whom Plaintiff had previously met spoke. This Judge appeared angry and banished Plaintiff from practicing law in Wayne County for a year.

26. Plaintiff was assigned by the Board of Directors of PDC to work in the PDC Huntington, West Virginia office, effective January 20, 2009. Upon her reassignment, Plaintiff was assigned only appeals and post-conviction work, and habeas corpus cases, rather than the trial work she had done when she presented as a male.

27. The assignment to perform only appeals and post-conviction work, and habeas corpus cases was a position which did not exist prior to Plaintiff's reassignment. Said position was created with the specific intent to reassign Plaintiff out of Wayne County to comply with the direction of the Circuit Court Judge. The position also served to hide Plaintiff in Defendant PDC's offices and avoid the public performance of her duties as trial counsel.

28. When Plaintiff began working in the Huntington office, she was given no work for approximately three months. Although there was an empty office, Plaintiff was not provided an office, a phone, or furniture for weeks.

29. Some employees of Defendant PDC, who were closely aligned with Defendant Wilkinson, were hostile to Plaintiff. One such employee referred to Plaintiff as "it" to other employees.

30. After Plaintiff began presenting as a female, her performance appraisals dramatically changed. On Plaintiff's performance appraisal for the period from May 1, 2008 through April 30, 2009, Plaintiff received a "3" or "4" in 23 of the 24 performance categories, and received only one grade of "5." Plaintiff never received a "5" rating on any performance appraisal thereafter. A rating of "3" meant Plaintiff "attains requirement."

31. From Plaintiff's reassignment to Defendant PDC's Huntington office in or about January 2009 until her unlawful termination, Plaintiff continued doing appeals and post-conviction work, and habeas corpus cases, rather than the trial work she had done when she presented as a male.

32. Plaintiff was unlawfully discharged because of her sex on or about July 24, 2012.

33. On or about March 29, 2013, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") at Charge No. 846-2012-66013, claiming Defendant PDC has discriminated against her because of her sex by unlawfully discharging her in violation of Title VII.

34. On July 20, 2016, the EEOC issued a "Determination" finding "reasonable cause to believe [Defendant PDC] violated Title VII when it discharged [Plaintiff] because of her sex, female."

35. On April 6, 2017, the EEOC issued to Plaintiff a "Notice of Right to Sue Within 90 Days."

## COUNT I: UNLAWFUL DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

**(Defendant PDC)**

36. Plaintiff incorporates by reference Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all times relevant hereto, Defendants PDC was an "employer" within the meaning of 42 U.S.C. § 2000e(b).

38. At all times relevant hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

39. Plaintiff has exhausted her administrative remedies under Title VII and is timely filing the instant Complaint.

40. During the course of her employment, Plaintiff was subjected by Defendant PDC to less favorable terms and conditions of employment than male employees because of, or on the basis of, her gender or sex, in violation of Title VII.

41. On or about July 24, 2012, Defendant PDC unlawfully discharged Plaintiff because of, or on the basis of, her gender or sex, in violation of Title VII.

42. As a direct result of Defendant PDC's conduct, Plaintiff has suffered injury and damages, including, but not limited to, lost wages, emotional distress, humiliation, embarrassment, inconvenience, and other compensatory and general damages for which Defendant PDC is liable.

43. Defendant PDC engaged in unlawful discrimination with malice or with reckless indifference to Plaintiff's federally protected rights, and consequently, Plaintiff is entitled punitive damages.

44. Plaintiff is also entitled to recover her attorneys' fees and costs.

**COUNT II: UNLAWFUL DISCRIMINATION BASED ON SEX IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT, W.Va. Code §5-11-1 et seq.**

**(Defendants PDC and Wilkinson)**

45. Plaintiff incorporates by reference Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times herein, Defendants PDC and Wilkinson were "employers" within the meaning of the WVHRA, W.Va. Code §5-11-3(d).

47. At all relevant times, Defendants PDC and Wilkinson were "persons" within the meaning of the West Virginia Human Rights Act, W.Va. Code §5-11-3(a) and each of them is

individually liable for the acts and omissions described herein, including, but not limited to, commission of sex discrimination and commission of aiding and abetting as set forth in W.Va. Code §5-11-9(7).

48. At all relevant times herein, Plaintiff was an "employee" within the meaning of the WVHRA, W.Va. Code §5-11-3(e).

49. The WVHRA, W.Va. Code §§ 5-11-3(h) and 5-11-9, protects individuals from discrimination based upon "sex."

50. Defendants unlawfully treated Plaintiff disparately, and discharged Plaintiff, because of her "sex" in violation of the WVHRA.

51. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendants PDC and Wilkinson are liable.

52. Based upon Defendants' willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

53. Plaintiff is also entitled to recover attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That she may have a trial by jury;

(b) That she be awarded all damages provided by law and all remedies provided by equity;

(c) That she be awarded attorney's fees and costs;

  (d)  That she be awarded such other relief as this Court may deem just and equitable.

**GINA M. STANLEY**

**By Counsel**

_____*s/Mark Goldner*_____
Mark Goldner, Esq. (WV Bar No. 11286)
Maria W. Hughes, Esq. (WV Bar No. 7298)
HUGHES & GOLDNER, PLLC
P.O. Box 11662
Charleston, West Virginia 25339
TEL: (304) 400-4816
FAX: (304) 205-7729

*Counsel for Plaintiff*