# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GINA STANLEY,

        Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-3464

PUBLIC DEFENDER CORPORATION
FOR THE 6TH AND 24TH JUDICIAL
CIRCUITS OF WEST VIRGINIA and
ROBERT E. WILKINSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Public Defender Corporation for the 6th and 24th Judicial Circuits of West Virginia and Robert E. Wilkinson's Motion to Dismiss Count II and to Dismiss Defendant Robert E. Wilkinson. ECF No. 5. For the following reasons, the Court **GRANTS** the motion.

## I.
## FACTUAL BACKGROUND

The following facts are undisputed as set forth in Plaintiff's Complaint. Plaintiff Gina Stanley is an attorney who was employed by the Defendant Public Defender Corporation. Defendant Wilkinson is the Chief Public Defender. On July 24, 2012, Plaintiff was terminated from her position. On or about March 29, 2013, Plaintiff filed a Charge of Discrimination against the Public Defender Corporation with the Equal Employment Opportunity Commission (EEOC), claiming discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964.

On April 6, 2017, the EEOC issued a "Notice of Right to Sue within 90 Days" letter to Plaintiff against the Public Defender Corporation.[1]

Thereafter, on June 29, 2017, Plaintiff filed this action against the Public Defender Corporation and Mr. Wilkinson. In Count I of her Complaint, Plaintiff alleges a claim of unlawful discrimination based on sex in violation of Title VII against the Public Defender Corporation. In Count II, she alleges a claim of unlawful discrimination based on sex in violation of the West Virginia Human Rights Act (WVHRA), W. Va. Code § 5-11-1, *et seq.*, against the Public Defender Corporation and Mr. Wilkinson. Defendants now move to dismiss Count II because Plaintiff did not commence her action under the WVHRA within the statute of limitations.

## II.
## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the

---

[1]The letter advises Plaintiff she has "<u>the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.</u>, against the above-named respondent. If you choose to commence a civil action, such <u>suit must be filed in the appropriate court within 90 days of your receipt of this Notice</u>." *Notice of Right to Sue within 90 Days* (April 6, 2017), ECF No. 5-3 (underlining original). The only respondent listed on the letter is the Public Defender Corporation.

speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted). Although a motion to dismiss typically cannot reach the merits of an affirmative defense, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### III.
### DISCUSSION

The statute of limitations for filing a civil action under the WVHRA is two years. *Metz v. E. Associated Coal, LLC*, 799 S.E.2d 707, 710 (W. Va. 2017) (recognizing the two-year "catch-all" statute of limitations period set forth in W. Va. Code § 55-2-12 applies to claims filed under the WVHRA). It is not contested that Plaintiff was terminated on July 24, 2012, but she did not file this action until June 29, 2017. Plaintiff argues, however, the Court should not find her filing untimely for two reasons. First, she asserts the Charge of Discrimination she filed with the EEOC was "dual filed" with the West Virginia Human Rights Commission (WVHRC). Therefore, the Court should rule her WVHRA claim was filed as of the date of the Charge of Discrimination. Second, Plaintiff argues in the alternative that, if the Court determines her WVHRA claim was not "dual filed" with her EEOC claim, the statute of limitations on her WVHRA claim should be equitably tolled. Upon consideration, the Court disagrees with both arguments.

As indicated by Defendants, a Charge of Discrimination filed with the EEOC does not reflect that a charge was filed with the WVHRC. *See Clay v. Consol Pennsylvania Coal Co*., 955 F. Supp. 2d 588, 596 (N.D. W. Va. 2013) (dismissing retaliation claims under the WVHRA

because the charge filed with EEOC did not "relieve[] the plaintiff from his duty to actually file a complaint with the WVHRC or a complaint with the court alleging violations under the WVHRA" within the statute of limitations). As Plaintiff did not file her claim within two years of her termination, it falls outside the statute of limitations.[2] In the alternative, Plaintiff argues the Court should equitably toll the statute of limitations because she misinterpreted the law and believed she preserved her WVHRA claim by filing a Charge of Discrimination with the EEOC. There are simply no exceptional circumstances in this case or basis to apply equitable tolling because of Plaintiff's own misunderstanding of the law. *See generally Seacrist v. Metro. Sec. Servs., Inc.*, Civ. Act. No. 2:14-24372, 2015 WL 1527763, at *5 (S.D.W. Va. Apr. 3, 2015) (stating the Fourth Circuit recognizes "that equitable tolling applies in two circumstances: first, when the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant, and second, when extraordinary circumstances beyond plaintiffs control made it impossible to file the claims on time" (internal quotation marks and citations omitted)).

Accordingly, as Plaintiff did not file her claim under the WVHRA within the statute of limitations, the Court **GRANTS** Defendants' Motion to Dismiss Count II and to Dismiss Defendant Robert E. Wilkinson. ECF No. 5. As Mr. Wilkinson is not named as a Defendant in Count I,[3] the Court **DISMISSES** him **WITH PREJUDICE**.

---

[2]Plaintiff also could have filed a complaint with the WVHRC "within three hundred sixty-five days after the alleged act of discrimination." W. Va. Code Ann. § 5-11-10, in part.

[3]Mr. Wilkinson also was named as a Respondent before the EEOC.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 30, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE